IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY D. HILL, | : |
| | : |
|     Plaintiff, | : |
| | :   C.A. No. 07-228 (GMS) |
| v. | : |
| | :   JURY TRIAL DEMANDED |
| NEW CASTLE COUNTY POLICE DEPARTMENT, a division of New Castle County; and NEW CASTLE COUNTY, a municipal corporation, | : |
| | : |
|     Defendants. | : |

## ANSWER

1.    Admitted as to plaintiff's residence and that he is a male employee of the New Castle County Police Department (hereinafter referred to as "NCCPD") and has been so employed since September 28, 1992. The remaining allegations contained in paragraph 1 of the Complaint are denied.

2.    Admitted only that NCCPD is a department of New Castle County (hereinafter referred to as "NCC") and that NCC is a political subdivision of the State of Delaware and plaintiff's employer. Denied that NCCPD is subject to service as it is a nonsuable entity.

3.    Admitted only that NCC is a political subdivision of the State of Delaware and plaintiff's employer. Further admitted that NCC is subject to service at 87 Reads Way, New Castle, DE 19720.

4.    Admitted only that plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. The remaining allegations contained in paragraph 4 of the Complaint state conclusions of law to which no

response is required and which therefore are denied. Defendants further deny that they retaliated, violated any laws or are liable to plaintiff in any way.

5. Admitted that plaintiff began his employment with NCCPD on September 28, 1992.

6. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 6 of the Complaint, and, therefore, deny such allegations.

7. The allegation contained in paragraph 7 of the Complaint contains plaintiff's opinion to which no response is required. To the extent a response is required, admitted that some officers begin their employment in the Patrol Unit within the NCCPD.

8. The allegation contained in paragraph 8 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

9. The allegation contained in paragraph 9 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, denied.

10. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 10 of the Complaint, and, therefore, deny such allegations.

11. Admitted only that plaintiff was transferred to the Mounted Unit and that he was required to complete certain training requirements to become part of the Mounted Unit. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 11 of the Complaint, and, therefore, deny such allegations.

12. Admitted only that the Mounted Unit's functions are defined by duly adopted NCC policies and directives, which speak for themselves. Further admitted that the Mounted Unit functions may include demonstrations, parades, tactical work, crowd control, and terrain searches both on and off horseback.

13. The allegation contained in paragraph 13 of the Complaint contains plaintiff's own opinion to which no response is required. To the extent a response is required, admitted only that the Mounted Unit is one of many units within NCCPD.

14. The allegation in paragraph 14 of the Complaint contains plaintiffs own opinion to which no response is required. To the extent a response is required, admitted only that officers in the Mounted Unit work on and off horseback, work with the horses, make public relations appearances, appear in parades, participate in photo shoots, compete in horseback competitions, and work day and other shifts.

15. Denied.

16. Admitted that Corporal Hoff is a female member of the Mounted Unit. Denied that Corporal Hoff is a close personal friend of Sgt. Hyden.

17. (a) – (e)    Denied that Cpl. Hoff received more favorable treatment than other male officers:

(a) Denied as stated. By way of further answer, it is admitted only that the Mounted Unit received a show horse named Misty as a donation.

(b) Denied as stated. By way of further answer, it is admitted only that plaintiff was not able to use the horse assigned to him for competition because the horse's coat was discolored.

(c) Denied.

(d) Admitted only that Sgt. Hyden held a contest regarding officer contacts. The remaining allegations contained in paragraph 17(d) of the Complaint are denied.

(e) Duly adopted Mounted Unit policies regarding officer injuries speak for themselves. Further admitted that Cpl. Hoff fell at an unspecified time. The remainder of the allegations contained in paragraph 17(e) of the Complaint are denied.

   (f) Denied.

   (g) Denied.

  18. Plaintiff's performance evaluations speak for themselves. Denied that plaintiff encountered no problems in his capacity as an officer of the Mounted Unit.

  19. Admitted only that plaintiff occasionally filled in as acting Sergeant, including times when Sgt. Hyden was on vacation, and that, upon information and belief, he possessed the most seniority of the members of the Mounted Unit.

  20. Admitted only that plaintiff, while acting Sergeant, calibrated radar units at a time when Sgt. Hyden was not there. Defendants lack information and belief regarding the basis for plaintiff's decision regarding said units as contained in paragraph 20 of the Complaint, and, therefore, deny such allegations. The remaining allegations contained in paragraph 20 of the Complaint are denied.

  21. Denied.

  22. Admitted only that Sgt. Hyden requested a meeting with the Mounted Unit regarding the actions of the unit on the day of the calibrations. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 22 of the Complaint, and therefore, deny such allegations.

  23. Denied as stated. Admitted only that Sgt. Hyden discussed the events of the day with the entire Mounted Unit, including plaintiff.

  24. Denied.

  25. Admitted only that plaintiff and Sgt. Hyden had a meeting where they discussed the calibrations. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 25 of the Complaint, and, therefore, deny such allegations.

  26. Denied.

27. Defendants lack information and belief sufficient to answer the allegations in paragraph 27 of the Complaint, and, therefore, deny such allegations.

28. Defendants lack information and belief sufficient to answer the allegations in paragraph 28 of the Complaint, and, therefore, deny such allegations.

29. Defendants lack information and belief sufficient to answer the allegations in paragraph 29 of the Complaint, and, therefore, deny such allegations.

30. Defendants lack information and belief sufficient to answer the allegations in paragraph 30 of the Complaint, and, therefore, deny such allegations.

31. Denied.

32. Admitted only that Sgt. Hyden occasionally named Cpl. Hoff as acting Sergeant and that Cpl. Hoff has less seniority than Cpl. Hill. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 32 of the Complaint, and therefore, deny such allegations.

33. Denied as stated. By way of further answer, plaintiff did not address the issue of why, on occasion, he did not serve as acting Sergeant.

34. Admitted.

35. Admitted.

36. Admitted only that plaintiff earned first place in the uniform and mount phases and second place in the equitation/riding ability phase, and that mounted units from across the United States and Canada participated in the competition. The remaining allegations in paragraph 36 of the Complaint contain plaintiff's own opinion to which no response is required.

37. Denied that Cpl. Hoff did not congratulate plaintiff for his accomplishments. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 37 of the Complaint relating to Sgt. Hyden, and, therefore, deny such allegations.

38. Denied.

39. Denied.

40. Admitted only that Sgt. Hyden had a discussion with plaintiff regarding the fact that he failed to clean the horse's sheath as instructed. The remaining allegations contained in paragraph 40 of the Complaint are denied.

41. Denied that plaintiff was reprimanded for his performance at the competition such that Cpl. Hoff could receive a similar reprimand. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 41 of the Complaint, and, therefore, deny such allegations.

42. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 42 of the Complaint, and, therefore, deny such allegations.

43. Admitted only that Sgt. Hyden considered having plaintiff clean the sheaths of the other horses, but that she changed her mind.

44. Admitted only that Sgt. Hyden discussed plaintiff's performance in terms of contacts and that NCCPD policies and procedures regarding such contacts speak for themselves. Denied that plaintiff's contacts were not low in comparison to the rest of the Mounted Unit. The remainding allegations contained in paragraph 44 of the Complaint are denied.

45. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 45 of the Complaint, and, therefore, deny such allegations.

46. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 46 of the Complaint, and, therefore, deny such allegations.

47. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 47 of the Complaint, and, therefore, deny such allegations.

48. Denied.

49. Denied.

50. Denied.

51. Denied that Sgt. Hyden discriminated against plaintiff due to his gender. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 51 of the Complaint, and, therefore, deny such allegations.

52. Admitted that Captain Setting was replaced by Captain Hitch. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 52 of the Complaint, and, therefore, deny such allegations.

53. Admitted only that Capt. Hitch requested that plaintiff put the complaint in writing. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 53 of the Complaint, and, therefore, deny such allegations.

54. Admitted only that Capt. Hitch, Sgt. Hyden and plaintiff had a meeting and that all parties were to be on a clean slate after that meeting. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 54 of the Complaint, and, therefore, deny such allegations.

55. Defendants lack information and belief sufficient to answer allegations contained in paragraph 55 of the Complaint, and therefore, deny such allegations.

56. Admitted only that sometime in early 2006, plaintiff attended a meeting with Captains Watson and Hitch, and that Capt. Watson replaced Capt. Hitch as commander of the Mounted Unit.

57. Admitted.

58. Denied.

59. Denied.

60. Denied that Sgt. Hyden threatened to have plaintiff transferred out of the Mounted Unit. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 60 of the Complaint, and, therefore, deny such allegations.

61. Admitted only that Cpl. Rosemarie Williams was transferred to the Mounted Unit and that plaintiff was transferred out of the Mounted Unit on or about March 20, 2006. The remaining allegations contained in paragraph 61 of the Complaint are denied.

62. Denied.

63. Admitted.

64. Admitted.

65. Denied that Sgt. Hyden made false statements. Defendants lack information and belief sufficient to answer the remaining allegations contained in paragraph 65 of the Complaint, and, therefore, deny such allegations.

66. Defendants lack information and belief sufficient to answer the allegations contained in paragraph 66 of the Complaint, and, therefore, deny such allegations.

67. Denied that Sgt. Hyden made false statements. Capt. Hitch's testimony at the Step 2 grievance hearing speaks for itself. The remaining allegations contained in paragraph 67 of the Complaint are denied.

68. Denied that Sgt. Hyden made false statements. Admitted that upon information and belief, Sgt. Hyden presented testimony at a grievance hearing regarding this comment and that such testimony speaks for itself. Furthermore, the testimony of Officers Brown and Guyton at the Step 3 grievance hearing speaks for itself.

69. Plaintiff's performance evaluations speak for themselves, and as such, no response is required.

70. Plaintiff's performance evaluations speak for themselves, and as such, no response is required.

71. Plaintiff's performance evaluations speak for themselves, and as such, no response is required. The remaining allegations pertaining to Sgt. Hyden relative to plaintiff's transfer are denied.

72. Admitted that plaintiff filed a Charge of Discrimination with the Delaware Department of Labor. The exact date of the filing is unknown at this time.

73. Admitted.

74. Admitted.

75. Denied.

76. Denied.

77. Denied.

78. Defendants incorporate the responses to paragraphs 1-77 by reference as though fully set forth herein.

79. Denied.

80. Denied.

81. Denied.

82. Defendants incorporate the responses to paragraphs 1-81 by reference as though fully set forth herein.

83(a)-(c). Denied.

84. Denied

85. Denied

86. Defendants incorporate the responses to paragraphs 1-85 by reference as though fully set forth herein.

87. Denied.

88. Denied

89. Denied. Defendants deny that plaintiff is entitled to any of the relief requested (items (a)-(i)) or any relief whatsoever.

Defendants deny any allegations which have not been specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff failed to exhaust his administrative remedies.

### Second Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by failure to mitigate damages.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because defendants had in effect, at all relevant times, a procedure for employees to address claims of retaliatory treatment and exercised reasonable care to prevent and properly correct any retaliatory treatment. Moreover, plaintiff unreasonably failed to take advantage of these preventive and corrective opportunities or to avoid harm otherwise.

### Fifth Affirmative Defense

Plaintiff's claims fail, in whole or in part, because at all times defendants made a good faith effort to comply with applicable law and acted lawfully and with legitimate and nonretaliatory business reasons.

### Sixth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of sovereign immunity.

### Seventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part to the extent that they are preempted by applicable federal or state law.

### Eighth Affirmative Defense

Defendants are immune from liability for punitive damages.

### Ninth Affirmative Defense

Defendants were not willful, wanton or malicious.

### Tenth Affirmative Defense

Plaintiff is barred from seeking injunctive relief.

### Eleventh Affirmative Defense

This matter is in whole, or in part, time barred under the appropriate statute of limitation, or repose or by an applicable administrative time requirement.

### Twelfth Affirmative Defense

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to gender or protected activity.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to all or some of the relief sought.

### Fourteenth Affirmative Defense

At all material times, defendants acted in good faith toward plaintiff without malice or discriminatory intent.

### Fifteenth Affirmative Defense

If plaintiff suffered any damages or losses, such losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

### Sixteenth Affirmative Defense

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than defendants, outside of their control, and for whom they are not responsible.

### Seventeenth Affirmative Defense

The New Castle County Police Department is a nonsuable entity.

### Eighteenth Affirmative Defense

Defendant is not vicariously liable for any alleged acts of discrimination, retaliation, false statements, misrepresentations or other allegedly wrongful conduct committed by any individuals named in the Complaint.

### Nineteenth Affirmative Defense

Defendants' liability, if any, is limited by 10 *Del. C*. §4013.

### Twentieth Affirmative Defense

Plaintiff's state law claims, if any, are barred by 10 *Del. C.* §4011.

### Twenty-first Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Twenty-second Affirmative Defense

Plaintiff has failed to comply with statutory and regulatory requirements for claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(2)(a).

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

**WHEREFORE,** defendants respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in favor of defendants, and award defendants reasonable attorneys fees, costs of suit and other such relief as the Court deems just and proper.

                NEW CASTLE COUNTY - LAW DEPARTMENT

                By: /s/ *Megan Sanfrancesco*
                Megan Sanfrancesco (DE. Bar I.D. No. 3801)
                First Assistant County Attorney
                87 Reads Way, New Castle, DE 19720
                Tel: (302)395-5130
                *Attorney for Defendants*

Dated: June 14, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **JEFFREY D. HILL,** | : |
| | : |
| **Plaintiff,** | : |
| | :   C.A. No. 07-228 (GMS) |
| **v.** | : |
| | :   **JURY TRIAL DEMANDED** |
| **NEW CASTLE COUNTY POLICE** | : |
| **DEPARTMENT, a division of New** | : |
| **Castle County; and NEW CASTLE** | : |
| **COUNTY, a municipal corporation,** | : |
| | : |
| **Defendants.** | : |

**CERTIFICATE OF SERVICE**

I, Megan Sanfrancesco, First Assistant County Attorney hereby certify that on June 14, 2007, I sent copies via U.S. Mail postage prepaid to counsel as follows as well as electronically filed the foregoing Answer with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Timothy J. Wilson, Esquire
> Martin and Wilson
> 1509 Gilpin Avenue
> Wilmington, DE 19806

         /s/   *Megan Sanfrancesco*
MEGAN SANFRANCESCO
First Assistant County Attorney
(Delaware Bar No. 3801)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
Telephone:  (302)395-5130
*Attorney for Defendants*