IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JEFFREY D. HILL,** : | |
| : | |
| Plaintiff, : | |
| : | C.A. No. 07-228 (GMS) |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| **NEW CASTLE COUNTY POLICE** : | |
| **DEPARTMENT, a division of New** : | |
| **Castle County; and NEW CASTLE** : | |
| **COUNTY, a municipal corporation,** : | |
| : | |
| Defendants. : | |
| : | |

## JOINT STATUS REPORT

Pursuant to the Notice of Scheduling Conference dated August 17, 2007, the parties submit the following Joint Status Report in anticipation of the Scheduling Conference to be held on **September 21, 2007 at 11:15 a.m.**

1.  **Jurisdiction and Service**.

The Court has subject matter jurisdiction, all parties are subject to the Court's jurisdiction and no party remains to be served. The parties are going to stipulate to the partial dismissal of the New Castle County Police Department as a defendant as it is a nonsuable entity and is not subject to the jurisdiction of the Court.

2.  **Substance of the Action**.

a.  **By Plaintiff:**

This is a gender discrimination, retaliation and breach of the covenant of good faith and fair dealing claim brought by Plaintiff, Jeffrey D. Hill ("Cpl. Hill") against New Castle County.[1]

Cpl. Hill was discriminated against based upon his gender (male) by his supervisor, Sgt. Andrea Hyden ("Sgt. Hyden") in terms of assignments, overtime, unwelcome comments of a sexual nature, and treatment in general. Sgt. Hoff gave preferential treatment to the only other female on the Mounted Unit at the time, Cpl. Darla Hoff.

At one point, Cpl. Hill scored higher that Sgt. Hyden at a Mounted Unit competition in which he earned very high marks, despite the fact that Cpl. Hill had much less experience with horses than did Sgt. Hyden. Furthermore, Cpl. Hill was Sgt. Hyden's subordinate. However, instead of congratulating Cpl. Hill and viewing his accomplishments as accomplishments of the Mounted Unit as a whole, Cpl. Hill's achievements served to exacerbate Sgt. Hyden's discrimination against Cpl. Hill.

Cpl. Hill complained of the discrimination. Thereafter, Sgt. Hyden retaliated against Cpl. Hill by actively campaigning for his dismissal from Mounted Unit. Cpl. Hill was then reassigned to the Patrol Unit, a much less distinguished and desirable unit to which officers may be assigned. Cpl. Hill was replaced on the Mounted Unit the very same day that he was reassigned by a female, Cpl. Rosemarie Williams.

b. **By Defendants:**

Defendants deny that they discriminated or retaliated against plaintiff in any way. Further, defendants deny claims that they breached any covenant of good faith and fair

---

[1] Plaintiff has sought leave of Court to amend his Complaint to name Sgt. Andrea Hyden and Capt. Quinton Watson as defendants in their individual capacities.

2

dealing. At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to gender or protected activity.

3.  **Identification of Issues:**

The legal and factual issues genuinely in dispute are whether plaintiff was discriminated against on the basis of his gender in connection with his employment at New Castle County and retaliated against for making a workplace complaint.

4.  **Narrowing of Issues:** None at this time.

5.  **Relief.** Plaintiff seeks the following:

a)  Enter a declaratory judgment declaring the acts of Defendants to be a violation of Plaintiff's constitutional rights;

b)  Enter a judgment against Defendants, for compensatory damages, including lost wages, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment and injury to his reputation;

c)  Enter judgment against Defendants for punitive damages;

d)  Issue a mandatory injunction directing Defendants to reinstate Plaintiff to the position that he held prior to his discriminatory transfer;

e)  Issue a an injunction directing Defendants to remove Plaintiff's evaluations from 2005 and 2006 from his employee file;

f)  Issue a reparative injunction directing that Defendants place a signed document in Plaintiff's personnel file indicating he was qualified to maintain his employment in the Mounted Unit and that but for illegal

conduct by Defendants, he would have remained in that until and not been transferred to the patrol unit;

g)   Enjoin Defendants from retaliating against Plaintiff;

h)   Award Plaintiff attorney's fees, costs, pre- and post-judgment interest for this action pursuant to 42 U.S.C. § 2000e-5(k); and

i)   Award such other and further relief as the Court deems just and proper under the circumstances.

**6.   Amendment of Pleadings**. Plaintiff will seek leave of Court to amend his complaint to name Sgt. Hyden and Capt. Watson as defendants in their individual capacities.

**7.   Joinder of Parties**. None anticipated at this time.

**8.   Discovery**. The parties have agreed to exchange initial disclosures by October 22, 2007. The parties anticipate that they will need 8 months for discovery in this action and seek a discovery deadline of June 30, 2008. Discovery may include:

(a)   Requests for Admissions;

(b)   Requests for the Production of Documents;

(c)   Depositions, however, each side is limited to ten (10) depositions;

(d)   Interrogatories, however, each side is limited to fifty (50) interrogatories.

**9.   Estimated trial length**. Trial should take no longer than four (4) days. The parties will endeavor to reduce the length of trial by entering into stipulations.

**10.   Jury trial**. A jury trial has been demanded.

4

11.     **Settlement**.  There have been no settlement discussions to date.  The parties request that this matter be referred for mediation.

12.     **Other matters**.  None.

13.     Counsel for the parties have conferred about each of the above matters.


MARTIN & WILSON, P.A.                    NEW CASTLE COUNTY LAW DEPT.


By:  /S/ Timothy J. Wilson                By:  /S/ Megan Sanfrancesco
    Timothy J. Wilson, Esquire (#4323)         Megan Sanfrancesco, Esquire (DE #3801)
    Jeffrey K. Martin, Esquire (#2407)          87 Reads Way
    1508 Pennsylvania Avenue                    New Castle, DE 19720
    Wilmington, DE 19806                        (302) 395-5130
    (302) 777-4681                              *Attorney for Defendants*
    twilson@martinandwilson.com
    jmartin@martinandwilson.com
    *Attorneys for Plaintiff*


Dated: September 13, 2007